UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GREGORY ALEC PHILLIPS,
CARLOS CLIFFORD LOWE,
and MICHAEL RAY REYNOLDS,

    Plaintiffs,

v.                                             No.:   3:05-cv-480
                                                      (VARLAN/SHIRLEY)

SHERIFF JAMES L. BERRONG, et al.,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoners' civil rights complaint under 42 U.S.C. § 1983 and applications to proceed *in forma pauperis* filed by three inmates. It appears from the applications that the plaintiffs lack sufficient financial resources to pay the $250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. For the following reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Hartsfield v. Vidor*, 199 F.3d 305, 308-309 (6th Cir. 1999); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). *See*

*also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiffs' complaint contains a litany of allegations concerning the conditions of their confinement in the Blount County Detention Center. They state that they filed written complaints, grievances, and grievance appeals, without any results. However, plaintiffs have failed to provide copies of the grievances they claim to have filed nor have they described with specificity the grievances, particularly with reference to each alleged civil rights violation. Plaintiffs have likewise failed to provide copies of the grievance appeals. Under the circumstances, plaintiffs have not shown that they have exhausted all available remedies. Accordingly, the complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to

42 U.S.C. § 1997e. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiffs are all inmates, each is assessed a pro rata share of the civil filing fee of $250.00, to-wit, $83.33 each. Pursuant to 28 U.S.C. §1915(b)(1)(A) and (B), the custodian of each plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the plaintiff's pro rata share of the filing fee as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Sheriff of Blount County, Tennessee, the county attorney for Blount County, Tennessee, and the Warden of

the United States Penitentiary in Atlanta, Georgia[1], to ensure that the custodian of each plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.

**E N T E R :**

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE

---

[1] After this action was filed, plaintiff Gregory Alec Phillips notified the court that he had been transferred from the Blount County Detention Center to the United States Penitentiary in Atlanta, Georgia.